UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                           Case No.  8:06-cr-354-T-24 EAJ

ALFONSO GONZALEZ, JR.
_____/

## **ORDER**

This cause comes before the Court on Defendant Gonzalez's Motion to Dismiss Indictment as Unconstitutionally Vague.  (Doc. No. 44).  The Government opposes the motion.  (Doc. No. 49).

Defendant Gonzalez is charged in the indictment with violating 42 U.S.C. § 1320a-7b(b)(2)(B) by knowingly and willfully giving gift cards to a person to induce such person to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under Medicare. (Doc. No. 11).  Pursuant to 42 U.S.C. § 1320a-7b(b)(2)(B), it is a felony to "knowingly and willfully offer[] or pay[] any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person . . . to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program."

In the instant motion, Defendant Gonzalez argues that the statute is vague and that its specific terms, including the term "kickback," and the safe harbor provisions are unconstitutionally vague, and as such, the indictment should be dismissed.  Defendant Gonzalez argues that this case involves the giving of nominal food cards to generally homeless and AIDS stricken patients during the holiday season, and there is nothing to suggest that there was any quid pro quo in the gift card delivery to any patient.

The Government responds that the evidence at trial will show that the giving of the gift cards was done to induce patients to seek treatment at North Tampa Medical Center. Furthermore, the Government points out that Defendant Gonzalez is arguing that the giving of the gift cards did not equate to kickbacks because they were gifts; however, characterizing the gift cards as gifts does not support his argument that the statute is unconstitutionally vague as applied to him. Instead, Defendant Gonzalez's characterization relates to the issue of whether the gift cards were given in return for, or to induce, referral of program-related business. The Court agrees with the Government that the statute is not unconstitutionally vague as applied to Defendant Gonzalez and notes that in the case of U.S. v. Starks, 157 F.3d 833, 839-40 (11th Cir. 1998), the Eleventh Circuit found that there was no reason to view this statute as vague.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Gonzalez's Motion to Dismiss Indictment as Unconstitutionally Vague (Doc. No. 44) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of January, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

2